66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jacques MELEK, Plaintiff-Appellant,
v.
Erick KOHLER; Elsie Holtz, Defendants-Appellees.
 No. 93-56131.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1995.*
Decided Sept. 1, 1995.
 
 Before: BROWNING, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Jacques Melek ("Melek") sued Erick Kohler and Elsie Holtz ("defendants"), alleging violations of his civil rights pursuant to 42 U.S.C. Sec. 1983 and a conspiracy to violate his civil rights pursuant to 42 U.S.C. Sec. 1985(3). Melek claimed that defendants, Code Enforcement officers for the City of Ontario, California (the "City"), discriminated against him and violated his civil rights when they cited property he managed, but did not own, for various housing code violations.
 
 
 3
 The district court granted defendants summary judgment on Melek's claims, concluding that Melek had failed: (1) to identify violations of cognizable civil rights, (2) to state viable claims under 42 U.S.C. Sec. 1983, and (3) to present any evidence of civil rights violations. As an alternative holding, the district court also held that the defendants were entitled to qualified immunity.
 
 
 4
 We have jurisdiction over Melek's timely appeal pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's grant of summary judgment and will affirm that judgment if it is supported by the record on any basis. See Katz v. Children's Hosp. of Orange Cty., 28 F.3d 1520, 1534 (9th Cir.1994). Because we conclude that the district court properly concluded that defendants were entitled to qualified immunity, we affirm the grant of summary judgment.
 
 
 5
 Public employees are entitled to qualified immunity when they engage in a course of conduct that a reasonable official would have believed was lawful. See Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). In Act-Up!/ Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993), we adopted a two-tiered analysis for determining whether a public officer is entitled to qualified immunity: (1) Was the law governing the official's conduct clearly established? and (2) Under that law, could a reasonable officer have believed the conduct was lawful?
 
 
 6
 Our de novo review of the record leads us to concur with the district court in its conclusion that defendants were entitled to qualified immunity. The citations Melek received were issued by the defendants pursuant to their authority under the Ontario Municipal Code and the Uniform Housing Code (which Ontario has adopted and incorporated into its Municipal Code). The record contains no evidence to suggest that a reasonable official, acting in the defendants' capacity, would have believed that he or she was acting unlawfully in citing Melek for the particular housing code violations at issue here. In other words, because the defendants reasonably could have believed that it was lawful to issue citations for housing conditions that violated the Ontario Municipal Code, they were entitled to qualified immunity for their actions. Accordingly, the district court's grant of summary judgment to the defendants is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3