Craig MONTGOMERY; Anne Montgomery, spouses, and their marital community; Kitsap County Deputy Sheriff's Guild, Plaintiffs—Appellants,

v.

**KITSAP COUNTY, Defendant—Appellee.**

No. 06–35643.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2008.*

Filed Oct. 23, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George E. Merker, Esq., Merker Law Offices, Bainbridge Island, WA, James M. Cline, Cline & Associates, Seattle, WA, for Plaintiffs–Appellants.

Office of the Prosecuting Attorney, Kitsap County Courthouse, Port Orchard, WA, for Defendant–Appellee.

Before: O'SCANNLAIN, RYMER, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

The Kitsup County Deputy Sheriff's Guild appeals the order denying its motion to reconsider the summary judgment entered in favor of Kitsap County, and the order granting that motion. We affirm.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit R. 36–3.

### I

The district court's grant of summary judgment to the County on the Guild's claims was proper. Neither did the district court abuse its discretion, nor make an incorrect legal determination, in declining to reconsider its ruling on the ground that the County violated Federal Rule of Civil Procedure 7(b). *See Smith v. Pac. Prop. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir.2004) (noting standard of review). In addition to whether the Guild's claims were time-barred by the statute of limitations or laches, the County's motion challenged the sufficiency of the Guild's evidence. The Guild was evidently on notice the motion contained such challenge, as it submitted new declarations supporting its theories along with its brief in opposition. Thus, the district court could conclude that the County's reply challenging the declaration as inadmissible hearsay, and offering Gulla's declaration to the contrary, followed naturally and was not fundamentally unfair. *Cf. Katz v. Children's Hosp. of Orange County*, 28 F.3d 1520, 1534 (9th Cir.1994) (addressing case where the motion for summary judgment gave no notice that it was based on the plaintiff's lack of injury).

### II

The district court did not err in holding that the Guild's evidence was insufficient. Rodrique's declaration about what Gulla told him was hearsay, consequently inadmissible. *See, e.g., In re Sunset Bay Assocs.*, 944 F.2d 1503, 1514 (9th Cir.1991) (noting that hearsay statements are inadmissible at summary judgment). While Gulla may have been authorized to speak for the County about Deputy Montgomery's termination at the time of the

termination or at the hearing, there is no evidence that his authority continued after he retired. Fed.R.Evid. 801(d)(2)(C). Nor do Gulla's statements bear circumstantial guarantees of trustworthiness such that they are admissible under Fed. R.Evid. 807. *See United States v. Fowlie,* 24 F.3d 1059, 1069 (9th Cir.1994); *cf. United States v. Sanchez–Lima,* 161 F.3d 545, 547 (9th Cir.1998) (holding that videotaped statements of declarant possessed guarantees of trustworthiness because they were under oath and subject to the penalty of perjury, were made voluntarily, were based on facts within the declarant's personal knowledge, did not contradict previous statements, and could be assessed for credibility as they were on videotape); *Barker v. Morris,* 761 F.2d 1396 (9th Cir. 1985) (finding that videotaped testimony of the declarant had substantial and specific guarantees of trustworthiness and reliability as it was voluntary, had been made in open court, and was under oath and penalty of perjury). Therefore, the district court's view of the evidence properly before it was correct.

### III

Because the Guild was on notice that the County was challenging the sufficiency of its evidence, the district court did not abuse its discretion in holding that the Guild's Federal Rule of Civil Procedure 56(f) argument fails. *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes,* 323 F.3d 767, 773–74 (9th Cir.2003). The Guild offered Rodrique's declaration in response to the County's motion for summary judgment, but neither then nor in connection with its request to reconsider did the Guild adequately indicate why it

* This panel unanimously finds this case suitable for decision without oral argument. *See*

could not present other facts essential to justify its position.

AFFIRMED.