FILED

FEB 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NORMA DAVIS,

          Plaintiff - Appellant,

  v.

DIPAK PATEL; NEHA, LLC; AVISH
PARTNERSHIP; DARLIN PERAZA;
MAGALY ZAPATA,

          Defendants - Appellees.

No. 11-55908

D.C. No. 2:10-cv-06239-PSG-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted January 10, 2013[**]
Pasadena, California

Before: O'SCANNLAIN and W. FLETCHER, Circuit Judges, and
HELLERSTEIN, Senior District Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Norma Davis, an African American who is allegedly disabled and uses a service dog, sued the owners and operators of a Super 8 Motel for not allowing her to stay in a room with her dog. Her complaint sets forth four causes of action: racial discrimination in violation of the Civil Rights Act of 1964, disability discrimination in violation of the Americans with Disabilities Act of 1990 (ADA), racial and disability discrimination in violation of California's Unruh Civil Rights Act, and intentional infliction of emotional distress (IIED). Defendants moved for summary judgment on all claims without discovery. The district court granted the motion. Davis then moved for relief from summary judgment—in effect, a motion for reconsideration. The district court denied her motion. Davis timely appealed. We affirm on the race-discrimination claims but reverse and remand on the disability claims and the IIED claim.

On the disability claims, the district court held that Davis had failed to show that she was truly disabled, that her disability required the use of a service dog, or that her dog was properly licensed. But the defendants did not move for summary judgment on those grounds; in fact, the defendants conceded in their statement of uncontroverted facts that Davis was disabled. A district court may grant a summary judgment motion "on grounds not raised by a party" only "[a]fter giving [the nonmovant] notice and a reasonable time to respond." Fed. R. Civ. P.

56(f)(2). Only "if the moving party placed the nonmovant party on proper notice" can the latter fairly "be held to have failed to satisfy its duty . . . to designate specific facts showing that there is a genuine issue for trial." *Katz v. Children's Hosp. of Orange Cnty.*, 28 F.3d 1520, 1534 (9th Cir. 1994). "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Norse v. City of Santa Cruz*, 629 F.3d 966, 972 (9th Cir. 2010) (en banc). Because the district court did not give Davis notice and time to respond on these issues, it erred.

The district court also granted summary judgment on Davis's disability claims because she had failed to show that the motel's denial of accommodation was based solely on her handicap. But "[i]t is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of the ADA" or the Unruh Act. *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 846–47 (9th Cir. 2004). She may show simply that the hotel failed to make reasonable modifications to its policy, 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(c)(1) ("Generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability.") Without discovery, the record before us is an insufficient basis on which to find that there has been no disability discrimination as a matter of law.

3

On Davis's race-discrimination claims, the court held that "the record in this case contains no admissible evidence suggesting that Plaintiff was discriminated against because of race." For the reasons set out in the district court opinion, we agree.

On Davis's IIED claim, the district court determined that Davis had failed to present evidence showing the nature of her distress and indicating that the alleged infliction was intentional. But defendants did not move for summary judgment on those grounds. Instead, they contended only that Davis had failed to show causation. Because it is at least possible that Davis has evidence showing damages and intent but that—lacking notice that such evidence would prove relevant at summary judgment—she chose not to introduce it, the district court erred. Fed. R. Civ. P. 56(f)(2); *Katz*, 28 F.3d at 1534.

The district court's denial of Davis's motion for reconsideration was not an abuse of discretion.

**AFFIRMED IN PART AND REVERSED IN PART**. The parties shall bear their own costs.