[No. B064452. Second Dist., Div. One. Jan. 29, 1993.]

GLORIA DOLAN, Plaintiff and Appellant, v.
LAWRENCE BORELLI, Defendant and Respondent.

## Counsel

Christopher C. Gautschi and Howard Richards for Plaintiff and Appellant.

Michael N. Alexander for Defendant and Respondent.

## Opinion

**ORTEGA, J.**—Plaintiff Gloria Dolan appeals from the summary judgment dismissing her medical malpractice case against defendant Lawrence Borelli, M.D., on limitations grounds. We affirm the judgment.

### Facts

Dolan, a 3-M Company factory worker, injured her right wrist at work in June 1984. Dolan's symptoms, pain radiating to her right shoulder and numbness, tingling, and sharp stabbing pain in her right fingers, worsened

over the next few months. At 3-M's suggestion, Dolan consulted Borelli, an orthopedic surgeon.

Borelli diagnosed Dolan's condition as carpal tunnel syndrome and recommended surgery. Based on Borelli's explanation, Dolan expected that the surgery would eliminate her pain and return her to normal within 60 days.

On April 10, 1985, Borelli performed the surgery, designed to release Dolan's right carpal tunnel ligament. Initially, instead of the expected minor surgical pain, Dolan felt worse pain than before the operation. Within three weeks of the surgery, the original pain and numbness returned. By June 10, 1985, 60 days after surgery, Dolan's symptoms were significantly worse than before surgery, and she believed something had gone wrong, Borelli had performed her surgery improperly, and she was worse than before the operation.

Dolan received disability payments for a month following the operation and then returned to work. As her symptoms and disability worsened, Dr. Gary Crawford reviewed her medical records. Assuming that Borelli had released Dolan's right carpal tunnel ligament, Crawford wrote a report stating that Dolan's pain was of psychological rather than physiological origin. 3-M accused Dolan of malingering and eventually fired her. After telling Dolan she would recover, Borelli stopped returning her telephone calls and refused to see her. In February 1986 Dolan consulted a lawyer. Dolan told the attorney she thought Borelli had done something wrong. Shortly thereafter, Dolan consulted Dr. Frank Carr. On June 27, 1986, Carr performed a second operation on Dolan's right wrist and discovered that the carpal tunnel release had not previously been performed.

On June 11, 1987, Dolan mailed a "Notice to Healthcare Provider" under Code of Civil Procedure section 364 to Borelli and Crawford in care of Pleasant Valley Hospital in Camarillo. On August 31, 1987, Dolan filed this case against Borelli and Crawford, alleging medical malpractice, defamation, and fraudulent concealment of Borelli's failure to release her right carpal tunnel ligament.[1]

---

[1] All further statutory references are to the Code of Civil Procedure. The parties dispute whether Dolan's section 364 notice was properly served, and thus whether it properly extended the limitations period. Because, as discussed below, we conclude the trial court properly found the applicable one-year limitations period expired no later than February 28, 1987, we need not resolve the dispute. Dolan voluntarily dismissed Crawford as a defendant.

Borelli moved for summary judgment, arguing that Dolan's case was barred by section 340.5's one-year medical malpractice statute of limitations.[2] The trial court granted the motion as to the medical malpractice cause of action, and made the following relevant findings: "[Dolan] believed that Dr. Borelli had done something wrong during the surgery and thereby injured her as early as June 10, 1985 and no later than February 28, 1986, by which time she had consulted an attorney regarding Dr. Borelli's care and told the attorney that she believed Dr. Borelli had done something wrong. [¶] [] [Dolan's] claim for medical negligence is barred by the one-year statute of limitations imposed by . . . Section 340.5."[3]

## ISSUE

Dolan contends the trial court erred in finding her medical malpractice cause of action time-barred because, until the second June 27, 1986, surgery, she neither reasonably could have discovered nor did discover that Borelli did not release her right carpal tunnel ligament during the first operation.

## DISCUSSION

"Since a summary judgment motion raises only questions of law regarding the construction and effect of the supporting and opposing papers, we independently review them on appeal, applying the same three-step analysis required of the trial court. [Citations.] First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond by establishing a complete defense or otherwise showing there is no factual basis for relief on any theory reasonably contemplated by the opponent's pleading. [Citations.] [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. [Citations.] The motion must stand self-sufficient and cannot succeed because the opposition is weak. [Citations.] A party cannot succeed without disproving even those claims on

[2]Section 340.5 provides in relevant part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. . . ."

[3]The trial court also granted Borelli summary judgment on the defamation cause of action because it was devoid of merit. Dolan dismissed the fraud cause of action during a court trial of the limitations defense. On appeal, Dolan challenges only the summary judgment on limitations grounds of the medical malpractice cause of action.

which the opponent would have the burden of proof at trial. [Citations.] [¶] When a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue. [Citation.] ▮ Counter-affidavits and declarations need not prove the opposition's case; they suffice if they disclose the existence of a triable issue. [Citations.] A court generally cannot resolve questions about a declarant's credibility in a summary judgment proceeding [citations], unless admissions against interest have been made which justify disregard of any dissimulation. [Citation.] A sufficient motion cannot be successfully resisted by counterdeclarations which create immaterial factual conflicts outside the scope of the pleadings; counterdeclarations are no substitute for amended pleadings. [Citations.]" (*AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064-1065 [225 Cal.Rptr. 203].) Here, the parties agree on the facts. The only dispute is whether, on these undisputed facts, Dolan's medical malpractice claim is barred as a matter of law by the relevant one-year limitations period in section 340.5.

Both sides agree that the one-year limitations period of section 340.5 applies to this case. "Both sides also agree that the common law rule, that an action accrues on the date of injury [citation], applies only as modified by the 'discovery rule.' ▮ The discovery rule provides that the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause. [Citation.] A plaintiff is held to her actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to her. [Citation.] The parties differ as to what constitutes sufficient knowledge to start the statute running." (*Jolly* v. *Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1109 [245 Cal.Rptr. 658, 751 P.2d 923], fn. omitted.)

"Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her. . . . [T]he limitations period begins once the plaintiff ' " 'has notice or information of circumstances to put a reasonable person *on inquiry* . . . .' " ' [Citations.] A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." (*Jolly* v. *Eli Lilly & Co., supra*, 44 Cal.3d at pp. 1110-1111, fns. omitted.) "In this context, 'wrong,' 'wrongdoing,' and 'wrongful' are used in their lay understanding." (*Id.* at p. 1110, fn. 7.)

█ The trial court properly found Dolan suspected Borelli had improperly treated her and made her condition worse no later than February 28, 1986, that the one-year limitations period began to run that day and expired on February 28, 1987, and that her medical malpractice cause of action was time-barred. Dolan unequivocally suspected as much by June 10, 1985. By February 1986, she consulted an attorney and repeated those suspicions to the lawyer. These undisputed facts compel us to agree with the trial court that Dolan's medical malpractice cause of action was time-barred as a matter of law.

Dolan attempts to escape this result by arguing that the medical malpractice committed by Borelli, and which she alleged in her complaint, was his failure to perform the carpal tunnel release, and that she neither knew of, nor reasonably could have discovered, this failure until the June 27, 1986, second surgery, when the one-year limitations period commenced. Dolan claims this distinction is significant because: 1) her case arose under the specific one-year medical malpractice limitations statute, section 340.5, rather than the more general one-year tort limitations statute, section 340, subdivision (3), discussed in *Jolly*; 2) *Jolly* should be limited to the more general statute and its specific facts, i.e., whether a plaintiff injured by a defective drug manufactured by several producers must wait to sue until she discovers which manufacturer produced the particular dose which caused her injury; and 3) other cases support her conclusion.

All Dolan's arguments lack merit. █ First, the *Jolly* analysis applies to section 340.5: "The one-year period [section 340.5] commences when the plaintiff is aware of both the physical manifestation of the injury and *its negligent cause.* (*Jolly* v. *Eli Lilly & Co., supra,* 44 Cal.3d at p. 1109; *Gutierrez* v. *Mofid* (1985) 39 Cal.3d 892, 896 . . . ; *Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 99 . . . ; [citations].)

"Our Supreme Court has often discussed the one-year rule's requirement of discovery of the negligent cause of injury. When a plaintiff has information which would put a reasonable person on inquiry, when a plaintiff's 'reasonably founded suspicions [have been] aroused' and the plaintiff has 'become alerted to the necessity for investigation and pursuit of her remedies,' the one-year period commences. 'Possession of "presumptive" as well as "actual" knowledge will commence the running of the statute.' (*Sanchez* v. *South Hoover Hospital, supra,* 18 Cal.3d at pp. 101-102 [132 Cal.Rptr. 657, 553 P.2d 1129]; accord *Jolly* v. *Eli Lilly & Co., supra,* 4[4] Cal.3d at pp. 1110-1111; *Gutierrez* v. *Mofid, supra,* 39 Cal.3d at pp. 896-897 [218 Cal.Rptr. 313, 705 P.2d 886].)" (*Rose* v. *Fife* (1989) 207 Cal.App.3d 760, 768 [255 Cal.Rptr. 440], fns. omitted.)

The *Rose* court then quoted the *Jolly* language quoted above and applied its analysis to a medical malpractice limitations analysis of section 340.5, stating: "Although *Jolly* was a products liability case and the statute of limitations for such a cause of action is found in section 340, subdivision (3), the same rules regarding discovery of one's cause of action apply. *Jolly* based its holding on the rules set out in section 340.5 cases, such as *Sanchez* and *Gutierrez. Jolly* also cited a case based on a fraud cause of action, [citation]. (*Jolly* v. *Eli Lilly & Co., supra,* 44 Cal.3d at pp. 1110-1111.)" (*Rose* v. *Fife, supra,* 207 Cal.App.3d at pp. 768-769, fn. 9.) Moreover, section 340.5's "reasonable diligence" language clearly parallels the judicially created "discovery rule" modification on the one-year limitations period in section 340, subdivision (3) discussed in *Jolly.* Thus, the *Jolly* analysis applies to section 340.5.

Second, *Jolly* merely restated existing law, and clarified it in relation to competing appellate opinions which had distorted its meaning. Thus, this provides another reason not to limit *Jolly* to its facts.

Third, the cases upon which Dolan relies predate *Jolly* or relate to clearly distinguishable facts. The courts in *Unjian* v. *Berman* (1989) 208 Cal.App.3d 881 [256 Cal.Rptr. 478] and *Enfield* v. *Hunt* (1979) 91 Cal.App.3d 417 [154 Cal.Rptr. 146] reversed summary judgments on one-year limitations grounds for the doctors in medical malpractice cases because, unlike in this case, the patients believed the doctors' explanations that they would improve or that nonnegligent causes were responsible for their condition. *Hills* v. *Aronsohn* (1984) 152 Cal.App.3d 753 [199 Cal.Rptr. 816] affirmed summary judgment for the doctor on three-year limitations grounds in a medical malpractice case, and the language upon which Dolan relies is concededly dicta.

█ Finally, other reasons compel rejection of Dolan's arguments. Her claim essentially amounts to an argument that, while she suspected Borelli was negligent, she did not know his negligence consisted of failing to release her right carpal tunnel ligament, as opposed to improperly performing that procedure. Dolan implies Borelli's misrepresentations of her condition contributed to her ignorance, which could not be removed until the second surgery. First, the undisputed facts demonstrate that Dolan did not believe Borelli's explanation.

Second, Dolan's argument essentially revives her abandoned fraud cause of action and permits her to avoid the limitations period. As discussed in *Jolly,* the essential inquiry is when did Dolan suspect Borelli was negligent, not when did she learn precisely how he was negligent.

Finally, concealment is an exception to the three-year, not one-year, limitations period in section 340.5. █ "Section 340.5 creates two separate statutes of limitations, both of which must be satisfied if a plaintiff is

to timely file a medical malpractice action. First, the plaintiff must file within one year after she first 'discovers' the injury *and the negligent cause* of that injury. Secondly, she must file within three years after she first experiences harm from the injury. This means that if a plaintiff does not 'discover' the negligent cause of her injury until more than three years after she first experiences harm from the injury, she will not be able to bring a malpractice action against the medical practitioner or hospital whose malpractice caused her injury. [Citations.] [¶] There are, however, three exceptions to the three-year limitation period—fraud, intentional misrepresentation, and the presence of a nontherapeutic 'foreign body' in the plaintiff's body." (*Ashworth* v. *Memorial Hospital* (1988) 206 Cal.App.3d 1046, 1054-1055 [254 Cal.Rptr. 104], second italics omitted.) ■ The parties agree that Dolan met the three-year limitations period of section 340.5. Thus, even if Dolan had believed Borelli's misrepresentations, they would not entitle her to a reversal.

## DISPOSITION

We affirm the judgment. Borelli is entitled to his costs on appeal.

Spencer, P. J., and Vogel (Miriam A.), J., concurred.