78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald J. TILLEY, Plaintiff-Appellant,
v.
PACIFIC GAS & ELECTRIC COMPANY, Defendant-Appellee.
 No. 94-56313.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1996.*
Decided March 12, 1996.
 
 Before: CANBY, BOOCHEVER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald J. Tilley was employed as a pipefitter by Bechtel, Inc., and worked at Pacific Gas & Electric Company's Diablo Canyon Nuclear Power Plant. Tilley was exposed to radiation while working at the plant on October 24, 1989. When he was tested after washing, his radiation levels were below the federal standards for safe exposure. Tilley later developed tongue cancer. He brought suit in state court against Pacific Gas & Electric Company ("PG & E"), alleging that his cancer was caused by his exposure to radiation at the plant. After removal, the district court granted summary judgment to the utility. We hold that Tilley's suit is barred by the statute of limitations.
 
 
 3
 Tilley learned of his tongue cancer from Dr. Richard Wikholm in August 1991, and immediately suspected that the exposure at Diablo Canyon might be the cause. He did not contact an attorney until July 14, 1992, and filed his lawsuit more than one year later, on July 22, 1993. Tilley argues his suit was nevertheless within California's one-year statute of limitations for torts, because he did not learn of his contamination until November 20, 1992, when PG & E's attorney wrote Tilley to inform him of his exposure to Cobalt 60.
 
 
 4
 Under California law, a one-year statute of limitations applies to tort actions. Cal.Civ.Proc.Code § 340(3). Although an action usually accrues on the date of injury, the "discovery rule provides that the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause." Jolly v. Eli Lilly & Co., 751 P.2d 923, 926-27 (Cal.1988). The statute begins to run "when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." Id. at 927. Although the plaintiff may not be aware of the specific facts surrounding the wrongdoing, "[o]nce the plaintiff has a suspicion of wrongdoing and therefore an incentive to sue, she must decide whether to file suit or sit on her rights." Id. at 928. When a plaintiff consults an attorney "precisely because she wished to explore her legal remedies," the plaintiff has presumptive notice of her claim and the one-year period begins. Gutierrez v. Mofid, 705 P.2d 886, 889 (Cal.1985).
 
 
 5
 The statute of limitations began to run in this case at least when Tilley consulted his attorney on July 14, 1992. At that time, he suspected his exposure at PG & E might be the cause of his injury, even though he did not obtain the information about the Cobalt 60 contamination until November 1992. Although Tilley may not have been aware of the specific facts surrounding his contamination until November of 1992, his earlier suspicion of PG & E's wrongdoing was sufficient to begin the limitations period. "[T]he essential inquiry is when did [Tilley] suspect [PG & E] was negligent, not when did [he] learn precisely how [PG & E] was negligent." Dolan v. Borelli, 16 Cal.Rptr.2d 714, 718 (Cal.Ct.App.1993).
 
 
 6
 We hold that the one-year statute of limitations bars Tilley's action.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3