Filed 7/21/15  Turner v. Bank of America CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| EDDIE TURNER, | B247883 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. GC049341) |
| v. | |
| BANK OF AMERICA CORPORATION et al., | |
| Defendants and Respondents. | |

APPEAL from an order and a judgment of the Superior Court of Los Angeles County, C. Edward Simpson, Judge.  Affirmed.

Eddie Turner, in pro per., for Plaintiff and Appellant.

Bryan Cave , Brian J. Recor and Andrea N. Winternitz for Defendants and Respondents.

_____

# INTRODUCTION

Plaintiff and Appellant Eddie Turner appeals from the trial court's order sustaining Defendants and Respondents' demurrer without leave to amend and judgment dismissing Plaintiff's case with prejudice. We affirm the court's order and judgment in favor of Defendants and Respondents Bank of America Corporation, Bank of America N.A., Countrywide Home Loans, Inc., Landsafe Title of California, ReconTrust Company, N.A., and Jeffrey Gleason because Plaintiff's claims were barred by the three-year statute of limitations for fraud.

## FACTS AND PROCEDURAL BACKGROUND

In January 2005, Plaintiff borrowed $896,00 from Countrywide to purchase a residential property in Altadena, California by signing an adjustable rate promissory note and deed of trust. In August 2005, Plaintiff borrowed an additional $250,000 from Countrywide secured with another deed of trust to the Altadena property. In late March 2007, the property was refinanced, paying off the 2005 loans with two new loans from Countrywide, one for $1,000,000 and another for $218,000. Countrywide recorded deeds of trust for both loans in March 2007 and reconveyances of the 2005 deeds of trust. Following the creation of the 2007 loan, Plaintiff's monthly payments increased by more than $800 (in comparison to the payments due under the 2005 loans as of March 2007), and Plaintiff thereafter began making the increased payments.

In January 2008, Plaintiff defaulted. At this time, Bank of America had taken over servicing Plaintiff's loans from Countrywide. After Plaintiff failed to make payments for five months, Bank of America and ReconTrust (the trustee) initiated non-judicial foreclosure proceedings and recorded a notice of default. The notice of default was sent to Plaintiff and specifically provided that Plaintiff had defaulted on the 2007 $1,000,000 loan. In August 2008, ReconTrust recorded a notice of trustee's sale reiterating that Plaintiff was in default on the 2007 deed of trust. Shortly thereafter, Plaintiff filed for Bankruptcy, which was discharged in January 2011. Notably, Plaintiff identified the 2007 loans as undisputed debts in his May 2009 bankruptcy petition.

2

Plaintiff brought the present action in April 2012, alleging that Defendants fraudulently signed his name to the 2007 $1,000,000 loan and that Plaintiff first learned of the 2007 loan in 2011. Defendants demurrered to Plaintiff's second amended complaint, which alleged causes of action for actual fraud, fraud by conspiracy, fraud by respondeat superior, false certification of acknowledgment, and false certification of acknowledgement by respondeat superior. In the demurrer, Defendants argued that Plaintiff's claims were barred by the three-year statute of limitations for fraud, and by Plaintiff's judicial admissions within the bankruptcy filings, where he stated that the 2007 loans were undisputed debts. Defendants supported their demurrer with a request for judicial notice of the recorded 2008 notice of default and Plaintiff's bankruptcy petition, as well as other documents. The court sustained the demurrer on the grounds that Plaintiff's claims for fraud were barred by the three-year statute of limitations and by Plaintiff's judicial admissions in his bankruptcy filing, and the court dismissed the case with prejudice.

## DISCUSSION

### 1. *Standard of Review*

Plaintiff argues generally that the court erred in sustaining the demurrer without leave to amend. We review the court's order sustaining the demurrer de novo. (*Burns v. Neiman Marcus Group, Inc.* (2009) 173 Cal.App.4th 479, 486 ["Treating as true all material facts properly pleaded, we determine de novo whether the factual allegations of the complaint are adequate to state a cause of action under any legal theory, regardless of the title under which the factual basis for relief is stated. [Citation.]"].) "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to

3

amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## 2.  *Plaintiff's Claims are Time-Barred*

Plaintiff asserted four claims for fraud against Defendants. Pursuant to Code of Civil Procedure section 338, subdivision (d), Plaintiff had three years to bring his fraud claims from the date of the fraud's discovery. " 'The discovery rule provides that the accrual date of a cause of action is delayed until the plaintiff is aware of [his] injury and its negligent cause. [Citation.] A plaintiff is held to [his] actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to [him]. [Citation.]' " (*Dolan v. Borelli* (1993) 13 Cal.App.4th 816, 822.)

In his opposing brief, Plaintiff admitted that he received the notice of default in 2008. The 2008 notice of default, which was recorded in the Los Angeles County Recorder's Office and supplied by Defendants as part of their request for judicial notice in support of the demurrer, clearly stated that Plaintiff was in default on the March 2007, $1,000,000 loan. The notice of default itself expressly placed Plaintiff on notice of the existence of the 2007 loan. Moreover, the increased loan payments should have alerted Plaintiff that some change had been made to his loan. An investigation at the county recorder's office would have reinforced the fact that the 2005 loans were replaced by the 2007 loans. Based on these facts, we conclude that Plaintiff was on notice of the 2007 loans by 2008, when he received the notice of default. Plaintiff filed the present action in 2012, more than three years after Plaintiff should have been aware of the 2007 loan. Plaintiff's fraud claims are thus barred by the three-year statute of limitations.

Although not argued on appeal, we note that this Court properly relies on Plaintiff's admission within his brief filed in opposition to his demurrer that he received notice of default, when evaluating the sufficiency of the second amended complaint. "Although on demurrer the court ordinarily looks only at the complaint and matters judicially noticed, '[w]hen a party opposing a demurrer admits that it does not dispute facts extrinsic to the complaint, the trial court may properly treat these facts as judicial admissions for the purpose of testing the sufficiency of the complaint.' [Citation.]" (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1368, fn.10; *Scafidi v. Western Loan & Bldg. Co.* (1946) 72 Cal.App.2d 550, 561-562 [stating that the trial court may rely on admissions made by counsel to render judgment on the pleadings].) His admission establishes that he received the notice of default on the 2007 loan.

In addition, we also properly take judicial notice of the recorded notice of default in assessing the sufficiency of the second amended complaint. Although the trial court did not expressly rule on the request for judicial notice, "we may ourselves take judicial notice of appropriate matters." (*Requa v. Regents of University of California* (2012) 213 Cal.App.4th 213, 223.) "When a court is required to rule on a demurrer, the discretion provided by Evidence Code section 452 allows the court to take judicial notice of a fact or proposition within a recorded document ' "that cannot reasonably be controverted, even if it negates an express allegation of the pleading." [Citation.]' [Citation.]" (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 536.) Here, we judicially notice the fact that the notice of default sent to Plaintiff in 2008 identified the 2007 $1,000,000 loan. We are not noticing the truth of the notice of default; rather we are acknowledging that the 2008 notice of default contained information to make Plaintiff aware of the 2007 loan. This cannot be reasonably controverted as the notice of default expressly identifies the 2007 loan.

Based on the foregoing, Plaintiff was or should have been aware of the existence of the 2007 loan in 2008, more than three years before filing this action. We therefore affirm the court's order sustaining the demurrer without leave to amend and entry of judgment against Plaintiff.

### 3. *Plaintiff Has Waived His Arguments on Appeal*

One of the fundamental rules of appellate review is that an appealed judgment is presumed to be correct and " 'error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Plaintiff, as the appellant, has the burden of overcoming the presumption of correctness.  "To demonstrate error, [the] appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)  Plaintiff's burden on appeal requires "more than simply stating a bare assertion that the judgment, or part of it, is erroneous and leaving it to the appellate court to figure out why; it is not the appellate court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶ 8:17.1, p. 8–6, citing *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)  In cases like this one, when the appellant asserts a point but fails to support it with reasoned argument and citations to authority, we may treat it as waived and pass it without consideration. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; see, e.g., *Taylor v. Roseville Toyota, Inc.* (2006) 138 Cal.App.4th 994, 1001, fn. 2 [contention forfeited, where it is "merely asserted without argument or authority"].)

Plaintiff sets forth bare assertions in his brief regarding how the court erred in sustaining the demurrer and dismissing his case.  Plaintiff fails to address the statute of limitations and his judicial admissions with citation to relevant authority and reasoned argument.  Plaintiff thus failed to overcome the presumption of correctness and has waived these arguments.  We therefore affirm on this basis as well.

## DISPOSITION

The order sustaining the demurrer and judgment against Plaintiff are affirmed. Defendants and Respondents Bank of America Corporation, Bank of America N.A., Countrywide Home Loans, Inc., Landsafe Title of California, ReconTrust Company, N.A., and Jeffrey Gleason are awarded their costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KITCHING, J.

I concur:

EDMON, P. J.

EGERTON, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7