112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dwight Theodore BEAZLEY, Plaintiff-Appellant,
v.
CITY OF TUSTIN; Unknown Maddox, Officer, (Badge No. 923);
Unknown Lalor, (Badge No. 959); Unknown Carvajal,
Officer (Badge No. 602); Jerri Lynn
Church, Defendants-Appellees,
and
William Wingo; Tustin Unified School District, Defendants.
 No. 96-55784.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dwight Theodore Beazley appeals pro se[1] the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action alleging that defendants conspired to falsely arrest him for purportedly violating a restraining order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Buckingham v. United States, 998 F.2d 735, 739 (9th Cir.1993), and we reverse and remand.
 
 
 3
 Beazley contends that the district court erred by sua sponte entering summary judgment for defendants, because he did not have an opportunity to present his case. We agree.
 
 
 4
 A district court may sua sponte enter summary judgment for a party if the party against whom judgment was entered received reasonable notice that the adequacy of his or her claim was in question. See id. at 742; see also O'Keefe v. Van Boening, 82 F.3d 322, 324 (9th Cir.1996).
 
 
 5
 Here, the district court issued an order to show cause, directing Beazley to demonstrate why the court should not dismiss his action with prejudice. The district court, however, failed to provide Beazley with sufficient notice regarding what aspect of his action the court deemed was deficient. See Buckingham, 998 F.2d at 742. Thus, Beazley was deprived of an opportunity to raise disputed issues of material fact to withstand the district court's sua sponte entry of summary judgment for defendants. See id.; cf. O'Keefe, 82 F.3d at 324 (holding that the district court cured its error by reconsidering the sua sponte entry of summary judgment for plaintiff and affording defendants an opportunity to submit responsive evidence). Accordingly, we reverse the district court's sua sponte dismissal of Beazley's action, and we remand for further proceedings.[2] See Buckingham, 998 F.2d at 742-43; see also Katz v. Children's Hosp., 28 F.3d 1520, 1534-35 (9th Cir.1994); cf. Portsmouth Square, Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869-70 (9th Cir.1985).
 
 REVERSED and REMANDED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Approximately six weeks before the district court dismissed Beazley's action, his attorney withdrew from the case
 
 
 [2]
 Because of our disposition of this appeal, we do not consider Beazley's contention that the district court denied him due process by granting his attorney's motion to withdraw from this case
 
 
 [3]
 We deny Beazley's and defendants' requests to take judicial notice of various submitted documents, because the documents do not directly relate to the issue presented in this appeal. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992)